91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gerald C. SOUCH, Plaintiff-Appellant,
v.
BEAVER, COS; Curran, COS, # 2562, Defendants-Appellees.
 
 No. 95-15866.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Gerald C. Souch appeals pro se the district court's summary judgment for defendants in Souch's 42 U.S.C. § 1983 action alleging that defendants violated the Eighth Amendment by failing to stop another inmate from attacking him when he was in the prison law library. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a grant of summary judgment de novo. Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.1995). Summary judgment is appropriate if the opposing party only presents conclusory allegations unsupported by factual data, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), and fails to set forth specific facts which are material to the substantive claim, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 Souch contends that the district court erred by granting summary judgment for defendants on his equal protection claim. Because the record indicates that Souch failed to set forth specific material facts or evidence to support this claim, we reject this contention. See Anderson, 477 U.S. at 248.
 
 
 5
 To the extent that Souch challenges the district court's summary judgment for defendants on Souch's Eighth Amendment claim, we find that this contention lacks merit.
 
 
 6
 Inmates alleging Eighth Amendment violations based on a failure to prevent harm must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Wallis, 70 F.3d at 1076. Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. See Farmer, 114 S.Ct. at 1979-80; Wallis, 70 F.3d at 1077.
 
 
 7
 Here, Souch only produced conclusory allegations that defendants were deliberately indifferent to his safety when they failed to stop the attack from the other inmate. Souch failed to produce any evidence indicating that his assailant had previously attacked other inmates and that defendants were aware of his assailant's propensity for violence. See Farmer, 114 S.Ct. at 1981-82 (explaining how an inmate could demonstrate that defendants knew of a substantial risk of serious harm to that inmate's health and safety). In contrast, defendants produced evidence demonstrating that they had no reason to believe that Souch faced a substantial risk of serious harm from his assailant or from other inmates while he was in the prison library. See Farmer, 114 S.Ct. at 1982. Defendants also demonstrated that they immediately called for assistance and restrained Souch's assailant when they discovered that Souch had been attacked. Defendants also produced an excerpt of Souch's deposition where Souch conceded that he (1) had not previously requested special protection for his visits to the prison law library; (2) had no reason to suspect that he would be attacked by his assailant or other inmates while he was in the library; (3) believed defendants could not have prevented the attack; and (4) did not see defendants wait until the attack was over before they intervened.
 
 
 8
 In sum, Souch failed to demonstrate that he was subjected to a substantial risk of serious harm and that defendants consciously disregarded this risk of harm to him. See Farmer, 114 S.Ct. at 1979. Because Souch only produced conclusory allegations to support his Eighth Amendment claim, the district court properly granted summary judgment for defendants. See Taylor, 880 F.2d at 1045; see also Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.1986) (affirming grant of summary judgment for prison officials because inmate failed to demonstrate that defendants had reason to believe he would be attacked by his assailant).
 
 
 9
 We affirm the district court's denial of Souch's Fed.R.Civ.P. 60(b) motion for relief from the district court's judgment, because Souch did not successfully demonstrate an acceptable basis for relief. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). We deny Souch's motion to supplement the record with an exhibit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3